IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 19-cv-03714-CMA-SKC

KEYBANK NATIONAL ASSOCIATION,

    Plaintiff,

v.

CHARLES H. WILLIAMS, and
TIMOTHY WELDON,

    Defendants.

---

**ORDER AFFIRMING DISCOVERY ORDER
OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on Plaintiff's Objection (Doc. # 147) to the Discovery Order (Doc. # 143) of Magistrate Judge S. Kato Crews. The Court affirms Judge Crews's order for the following reasons.

    I.    **BACKGROUND**

This case involves the alleged misappropriation of trade secrets and violation of non-compete agreements. Plaintiff KeyBank National Association is a bank. (Doc. # 1, ¶ 11). Defendants, Charles Williams and Timothy Weldon, used to work in the Commercial Real Estate Division of KeyBank's Denver office. (Doc. # 1, ¶¶ 12-42). Both Defendants ultimately left KeyBank to join Berkeley Point Capital LLC d/b/a Newmark Knight Frank ("Newmark"). (Doc. # 1, ¶¶ 55, 57).

1

KeyBank now alleges that Williams and Weldon are soliciting KeyBank customers in violation of their noncompete agreements. (Doc. # 1, ¶¶ 66-70). KeyBank is suing Williams and Weldon, alleging breach of contract, misappropriation of trade secrets, intentional interference with business relationships, and breach of the duty of loyalty. (*See generally* Doc. # 1).

After about 16 months of litigation, the parties reached a discovery impasse. (Doc. # 121). KeyBank sought disclosure of "communications between Defendants (or their legal counsel) and Newmark before and potentially after their employment started," as well as "joint defense, indemnification and common interest agreements entered into . . . between Defendants and Newmark[.]" (Doc. # 125, p. 1). Defendants objected on the ground that such communications were protected by the "common-interest privilege." (Doc. # 125-2). The parties notified Judge Crews of the dispute, and Judge Crews directed them to submit a joint eight-page summary of the dispute in lieu of written motions. (Doc. # 121).

After receiving the parties' joint summary, Judge Crews denied KeyBank's discovery request in a written order. (Doc. # 143). Judge Crews reasoned that (1) communications between Defendants and their counsel, and between Newmark and its counsel, are protected by the attorney-client privilege; and (2) "[t]o the extent Defendants and Newmark then shared these communications with each other . . . the common interest doctrine applies as an exception to any waiver of the privilege[.]" (Doc. # 143, pp. 6-7). Judge Crews also held that any joint defense agreements between Defendants and Newmark are irrelevant and not discoverable. (Doc. # 143, pp. 8-9).

KeyBank now appeals Judge Crews's Order. KeyBank contends that Judge Crews erred by (1) ruling on the motion "without full briefing or argument"; (2) finding that the common-interest doctrine applied to communications "between defendants' counsel and Newmark before Defendants were hired by Newmark"; and (3) ruling that the indemnification agreements are not discoverable. (Doc. # 147).

## II.  LEGAL STANDARD

"A litigant who seeks to overturn a magistrate's discovery order bears a heavy burden." *Wallin v. Alfaro*, 2005 WL 2125224, at *5 (D. Colo. Sept. 2, 2005) (quoting *Empire Volkswagen, Inc. v. World–Wide Volkswagen Corp.*, 95 F.R.D. 398, 399 (S.D.N.Y.1982) (internal quotation marks omitted)). "Because a magistrate judge is afforded broad discretion in the resolution of non-dispositive discovery disputes, the court will overrule the magistrate's determination only if his discretion is abused." *Ariza v. U.S. W. Commc'ns, Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996) (quoting *Comeau v. Rupp*, 142 F.R.D. 683, 684–85 (D.Kan.1992) (internal quotation marks omitted)). When a magistrate judge issues an order in a nondispositive matter, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." F.R.C.P. 72; *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). Under this standard, the Court must affirm the Magistrate Judge's order unless it is "left with the definite and firm conviction that a

mistake has been committed." O*celot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir.1988).

### III.  DISCUSSION

**A.  JUDGE CREWS DID NOT ERR BY RULING "WITHOUT FULL BRIEFING OR ARGUMENT"**

KeyBank first argues that Judge Crews erred by ruling on the discovery dispute "without full briefing or argument." (Doc. # 147, p. 4). This argument fails for several reasons.

First, KeyBank's argument is not timely. Judge Crews laid out his discovery-dispute procedures in an order dated April 15, 2021. (Doc. # 121). That order clearly stated that the parties were required to submit a joint discovery brief, not to exceed eight pages, in lieu of written motions. (Doc. # 121). Under F.R.C.P. 72, KeyBank had until April 29 to file a written objections to this order. F.R.C.P. 72(a). KeyBank failed to do so. A party "may not assign as error a defect in the order not timely objected to." *Id*. Because KeyBank failed to timely object to Judge Crews's April 15 order establishing the discovery-dispute procedures for this case, it has waived the right to challenge that order.

Next, even if KeyBank's argument were timely, it would still fail. KeyBank cites no authority, and this Court finds none, to suggest that Judge Crews's discovery-dispute procedures were improper. To the contrary, it is well established that a magistrate judge has "broad discretion in the resolution of non-dispositive discovery disputes." *Ariza* 167 F.R.D. at 133. KeyBank has failed to establish that Judge Crews abused that discretion.

Furthermore, KeyBank has failed to establish that it was prejudiced by Judge Crews's discovery procedures. KeyBank does not cite a single case, statute, rule, or argument that it had intended to cite in support of its argument but was forced to exclude as a result of Judge Crews's procedures. To the contrary, KeyBank's Objection largely rehashes the same arguments it made in the joint discovery brief. If KeyBank felt that Judge Crews's briefing limits were too strict, it could have requested additional briefing or oral argument. It chose not to do so. Thus, the Court finds no reason to believe that Judge Crews's ruling would have been any different if additional briefing or argument had been allowed.

Finally, KeyBank's argument fails because it is contrary to the plain language of Rule 37. Although KeyBank argues that Rule 37 "requires submission of a motion . . . made through full-scale briefing, or at least legal argument," (Doc. 147, p. 6) Rule 37 contains no such requirement.

In sum, KeyBank has failed to establish that Judge Crews committed any error by requiring the parties to submit a joint summary of their discovery dispute in lieu of written motions, and the Court will not overturn Judge Crews's discovery order on that basis.

### B. JUDGE CREWS'S COMMON-INTEREST ANALYSIS WAS NOT CLEARLY ERRONEOUS

KeyBank next contends that Judge Crews erred by "finding that common interest protection applied to the communications by and between Defendants' counsel and Newmark **before** Defendants were hired by Newmark." (Doc. # 147, pp. 6-7 (emphasis in original)). Specifically, KeyBank argues that Judge Crews erred by (1) concluding that

5

these communications are attorney work product; and (2) finding that Defendants and Newmark have a common interest sufficient to support application of the common-interest doctrine. These arguments fail.

 1. KeyBank's Work-Product Argument Fails

KeyBank first contends that Judge Crews erred by concluding that "evaluations performed by Defendants' counsel or Newmark's counsel . . . constituted work product." (Doc. # 147, p. 7). This argument fails for the simple reason that Judge Crews never reached such a conclusion. To the contrary, Judge Crews specifically stated that he "was not provided specific documents or specific examples of the shared information at issue," so he could not decide whether the work-product doctrine applied to any particular communication. (Doc. # 143, p. 8, n. 3). Rather, Judge Crews held that, to the extent KeyBank sought disclosure of privileged or protected information on the ground that Defendants had waived the privilege by sharing such information with Newmark: "the common interest doctrine applies to vitiate any waiver of the attorney-client privilege or work product protection otherwise resulting from Defendants' and Newmark's sharing of privileged information." (Doc. # 143, p. 8). Therefore, KeyBank's work-product argument is without merit.

 2. Common-Interest Doctrine

KeyBank next argues that Judge Crews erred by finding that the common-interest doctrine applied to communications between Defendants and Newmark. The Court finds no error in Judge Crews's ruling.

The common-interest doctrine is not a standalone privilege; rather, it is an exception to the waiver of privilege when protected or privileged information is shared with third parties. *Ritter v. Jones*, 207 P.3d 954, 960 (Colo. App. 2009) (no waiver of shared work product due to common interest doctrine); *Black v. Southwestern Water Conservation Dist.*, 74 P.3d 462, 469 (Colo. App. 2003) (no waiver of shared attorney-client communications due to common interest doctrine). Under the doctrine, "[c]ommunications shared with third persons who have a common legal interest with respect to the subject matter thereof will be deemed neither a breach nor a waiver of the confidentiality surrounding the attorney-client relationship." *Black*, 74 P.3d at 469; see also Gordon v. Boyles, 9 P.3d 1106, 1124 (Colo. 2000) (communications between co-defendants and the attorney who represents them both regarding their common interests in a joint defense remain privileged). Judge Crews determined that "[g]iven the nature of this case—enforcement of trade secret and non-solicitation agreements—Defendants and Newmark shared a common legal interest in ensuring Defendants' hiring and employment with Newmark complied with Defendants' restrictive covenants, and in developing factual and legal defenses if later accused of violating those agreements." (Doc. # 143, p. 7). The Court agrees with this conclusion.

KeyBank argues, however, that the common-interest doctrine does not apply because Defendants and Newmark do not have "identical legal interests": "There is no conceivable way," KeyBank contends, "that Newmark could ever be found responsible" for Defendants' conduct." (Doc. # 147, p. 10). This argument plainly fails. KeyBank has already conceived of at least one way that Newmark could be found responsible for

7

Defendants' conduct: it is currently suing Newmark in Ohio for tortious interference with contract. (Doc. # 152-2). That case arises from the very same facts that give rise to this case. Thus, the Court agrees with Judge Crews's conclusion that Defendants and Newmark have a sufficiently identical legal interest to justify application of the common-interest doctrine.

### C.    JUDGE CREWS'S RULING CONCERNING INDEMNIFICATION AGREEMENTS WAS NOT CLEARLY ERRONEOUS

Finally, KeyBank argues that Judge Crews erred by concluding that the joint defense agreement between Defendants and Newmark are not discoverable. The Court has reviewed the cases KeyBank cites in support of this argument, and it finds that they do not cast meaningful doubt on the validity of Judge Crews's conclusions. The Court therefore finds that Judge Crews's ruling on this matter was not clearly erroneous, and it will not overturn the Order on that basis.

### IV.    CONCLUSION

Based on the foregoing, Plaintiff's Objection (Doc. # 147) is OVERRULED. The Discovery Order of Magistrate Judge Crews (Doc. # 143) is hereby AFFIRMED and ADOPTED as an order of this Court.

DATED: January 31, 2022

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge